*497 The court properly denied the motion to dismiss the complaint inasmuch as it was based solely on defendant’s assertion that plaintiff would be unable to make out a prima facie case at trial by reason of his anticipated “unavailability to testify as a result of his imminent deportation.” Accordingly the motion was actually a prematurely made motion for judgment pursuant to CPLR 4401, which has to await the close of plaintiffs case at trial even if plaintiffs ultimate success in the action is improbable (see Cass v Broome County Coop. Ins. Co., 94 AD2d 822, 823 [3d Dept 1983]). The court’s denial of defendant’s motion to preclude was effectively an evidentiary ruling made in advance of trial and, as such, is not appealable (see Balcom v Reither, 77 AD3d 863, 864 [2d Dept 2010]). We have considered defendant’s remaining contentions and find them to be without merit. Concur — Tom, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.